UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDRICK FELTON SHORTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6793** |
| **CIA-POLICE, MR, ALLEN, ET AL.** | **SECTION: "F"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kendrick Felton Shorts, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint is currently before the Court for the preliminary screening required to ensure that a cognizable claim has been stated.

Specifically, federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Further, in Iqbal, the Supreme Court also reiterated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Id. (citations, quotation marks, and brackets omitted). A complaint which violates Rule 8 may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965); Young v. Marriott Corp., Civ. Action No. 92-3318, 1992 WL 329531 (E.D. La. Oct. 29, 1992); Dandridge v. United States Department of Justice, Civ. Action No. 92-3209, 1992 WL 314980 (E.D. La. Oct. 19, 1992); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Plaintiff's complaint is a confusing, unintelligible document from which the Court can ascertain neither the intended defendants nor the nature of the cause(s) of action. Therefore, even broadly construing plaintiff's complaint,[2] the Court nevertheless finds that plaintiff has failed to state a claim on which relief may be granted or even to comply with the most rudimentary pleading requirements.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of October, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**